[No. 4195.]

## J. C. MERRILL v. WELLS, FARGO & CO.

LIABILITY OF COLLECTING AGENT FOR NEGLIGENCE.—K. was indebted to B. & Co., and B. & Co. drew their draft on him for the amount, indorsed it, and sent it to M. to collect, as their agent.   M. indorsed it, and delivered it to W., F. & Co., who were an express company, and acting as collecting agents, for collection.   The draft was not paid by K., the drawee, and W., F. & Co. failed to protest it, and did not give M. notice of non-payment.   M. sued W., F. & Co. for negligence:   *Held*, that as M. only received the bill as the agent of B. & Co. for collection, that W., F. & Co. were not liable to him for damages.   *Held, further*, that the facts that B. & Co. were indebted to M., and that M., on receipt of the bill, credited them with the same, did not fix the liability of W., F. & Co., but that W., F. & Co. could introduce evidence to explain the credit thus given, and to show that the credit was not intended to make M. the owner of the bill, but was a mere memorandum to simplify bookkeeping, made with the intention of charging B. & Co. with the amount, if the bill was not collected.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

P. Keach, who resided at Steilacoom, Washington Territory, was indebted to Brewer & Co., of Honolulu, in the Hawaiian Islands, in the sum of $1462.08. Brewer & Co. drew the following bill of exchange, and indorsed it and sent it to the plaintiff, who was doing business at San Francisco, under the name of J. C. Merrill & Co., for collection:

"Exchange for $1462.08.
                                    "HONOLULU, October 2, 1871.

"Sixty days after date of this first of exchange (second and third unpaid) pay to the order of C. Brewer & Co. fourteen hundred and sixty-two and eight one-hundredths dollars in United States gold coin. Value received, and charge the same to account of yours truly,

                                    "C. BREWER & Co.
"To P. KEACH, ESQ.,
          "Steilacoom, Washington Territory, No. 593."

The defendants were doing business as an express company and acting as general collecting agents, and the plaintiff, for the purpose of collection, indorsed and delivered the bill to the defendants, who undertook to use due diligence in collecting the same, and in case of default to cause it to be protested, and notice of non-payment to be given. The defendants received the bill at San Francisco in November, 1871, and returned it to the plaintiff in March, 1872. It was not paid or protested, nor was notice of non-payment given to Merrill before it was returned to him. This action was brought to recover, as damages for negligence, the amount of the draft. On the trial, it appeared that Keach was the agent of Wells, Fargo & Co. at Steilacoom, and had taken the draft and made no return of it. It also appeared that Brewer & Co. were indebted to the plaintiff, and that he, on receipt of the draft, charged himself with it; and several months afterwards, when he found it was not collected, he charged it back to Brewer & Co. Brewer & Co. refused to accept this counter-charge. The defendant offered in evidence letters written by Merrill to Brewer & Co. The following extract from one of these letters will explain the purpose for which they were offered:

"We received the draft as collectors, and having followed

the custom of this place with reference to such collections, we consider that we have done our whole duty thereby.

"Our crediting you with the amount was, of course, only in accordance with custom, and was (as of course you are aware) but a *mem.* of the transaction for the use of us both. Had we parted with consideration for it, Wells, Fargo & Co. might, and probably would be held responsible for the whole amount; this we did not do, and cannot be placed in a false position in litigating the matter in our own name on that ground. If they could be held responsible, they could be so held equally well in our action in your name, if you wish to direct one to be instituted."

The plaintiff objected to these letters being received in evidence, and the court sustained the objection. The plaintiff recovered judgment, and the defendant appealed.

The court below, in an opinion given on denying a motion for a new trial, uses the following language, which explains the reason for ruling out the letters:

"As between plaintiff and defendant, the plaintiff was the owner of the bill of exchange, it having been unqualifiedly indorsed to him, and as to the relations existing between plaintiff and the drawers, the defendants had no right to inquire."

The other facts are stated in the opinion.

*Greathouse & Haggin,* for the Appellant.

The defendants had a right to inquire into the relations existing between the plaintiff and Brewer & Co. (*Nagle* v. *Lyman,* 14 Cal. 450; *Lawrence* v. *Stonington Bank,* 6 Conn. 525–27; *Herrick* v. *Corwin,* 10 Johns. 124; *Van Wort* v. *Wooley,* 3 Barn. & Cress. 447–8.)

*George B. Merrill,* for the Respondent.

The letters of plaintiff to Brewer & Co. were properly excluded, and all testimony in reference thereto. After the fact was found that plaintiff had made the draft his own, and had so accounted to Brewer & Co., any discussion in letters or talk between the parties, several months afterward, about the matter, cannot be relevant. They did not

contain admissions made to defendants, on which they acted, and which thus would be conclusive against plaintiff. (1 Phillips's Ev. *460.)

The relations existing between plaintiff and Brewer & Co. were not material. They only explain how plaintiff came to buy the bill, which is immaterial; and without the explanation, the material facts on which the judgment properly rests remain the same.

By the Court, CROCKETT, J. :

The evidence shows, without contradiction, that the bill of exchange in question was forwarded by Brewer & Co. to the plaintiff for collection only. It is not pretended that he received it originally, except as an agent for collection. If he continued, as between himself and Brewer & Co., to hold the bill only in that capacity, it is too clear for argument that he suffered no damage by the neglect of the defendants to cause it to be protested. He could have had no recourse upon Brewer & Co. in that event, for the reason that, as between themselves, he was not the owner of the bill, and held it only as their agent. But the evidence shows that Brewer & Co. were then indebted to the plaintiff on an account current between them, and that on receiving the bill, the plaintiff voluntarily and without their knowledge credited them on his books with the amount of it, and in his next quarterly account, rendered to Brewer & Co., while ignorant that the bill had not been paid, included this as an item to their credit. It is contended by counsel that by this transaction, the plaintiff, as between himself and Brewer & Co., made the bill his own, and held it thenceforth, not as agent, but as owner; and that by reason of the neglect of the defendant he has lost his recourse upon Brewer & Co., the drawers. Whatever presumptions might arise from these facts if unexplained, it is clear, we think, that they were open to explanation. In a contest between the plaintiff and Brewer & Co. in respect to this item in the account, it cannot be doubted that it would have been competent for either party to show that the credit was entered through inadvertence or mistake, or in accordance with the

course of dealing between the parties, and that it was intended as a mere memorandum to simplify the method of keeping the account by entering a credit for the bill when received for collection, and subsequently a debit for the same amount, if the bill should not be collected. In other words, that it was merely a matter of bookkeeping, and was not intended to affect the rights or relations of the parties. The defendant offered in evidence certain letters from the plaintiff to Brewer & Co., which tended strongly to show that the plaintiff so understood the transaction, and that in crediting the bill to them, he had no intention whatever to make himself the owner of it. In short, that the entry was merely a matter of bookkeeping, and was in accordance with the course of dealing between the parties. That such evidence would have been competent between the plaintiff and Brewer & Co. in respect to this item, we entertain no doubt, and no reason is perceived why it is not equally available to the defendant. The court erred in excluding these letters, and as the judgment must be reversed for this error, we deem it unnecessary to notice the other points discussed by counsel.

Order and judgment reversed, and cause remanded for a new trial.